Caputo & McKendall
vs.                    No. 60050.
Pearl H. Bellin

June 13, 1930.

WALSH, J. Heard on motion for a new trial after verdict for plaintiff for $5,160. The motion is on the usual grounds plus a claim that some of the jurors were prejudiced and did not give true answers when questioned on the voir dire. The suit was for a balance alleged to be due on a contract to erect a dwelling house and for extras furnished for the same.

The contract price was $11,700, the claim for extras amounts to $1,209.91, four payments and an allowance for material furnished by defendant of $203.74, amounting to $8,203.74 are admitted, leaving a balance due according to plaintiffs at the time suit was brought of $4,706.17. During the trial plaintiffs admitted that defendant should be allowed $225 for a Rudd heater, $75 for hardware, and $11.90 for a lawn dryer, a total of $311.90, leaving their net claim $4,394.27. The verdict included interest for 5 years, 11 months at 6%. Deducting the probable amount of the interest, we find that the principal sum found by the jury to be due plaintiff is about $3,800.

I. As to the claim of bias and prejudice on the part of certain members of the jury. George Helford, Esq., a member of the Rhode Island bar, testing of any action by the stockholders tified before us of certain activities by two members of the jury after the verdict had been returned and the jury discharged, which testimony, if uncontradicted or unexplained, might well cause us to find bias and prejudice on the part of said jurors, but both of the jurors mentioned by Mr. Helford appeared before us and under oath showed to our satisfaction, at least, no misconduct on the part of either. Mr. Helford was present almost every day of the trial and though not of counsel in the case showed unusual interest in the trial.

II. The strong preponderance of the credible testimony in this case clearly proves that this structure was not erected in accordance with the plans and specifications. The cement floor in the cellar, the plastering throughout the entire house, the plumbing, painting and finish are shown by the strong preponderance of the evidence to have been a poor job both as to material and workmanship. Evidence of the cost to put the structure into a condition of substantial compliance with the plans and specifications was introduced but the jury apparently disregarded this testimony.

The case took a long time to try and was expensive to both parties. We feel, however, that substantial justice has not been done by the verdict. We feel

that another trial should be avoided, if possible, and to that end, we determine that if the plaintiffs shall, within five days of the filing of this rescript, remit all of the amount of said verdict in excess of the sum of $4,160, then defendant's motion for a new trial is denied; if the plaintiffs fail to file such remittitur within the time above mentioned, the defendant's motion for a new trial is granted.

For plaintiff: Edward M. Sullivan, J. J. Sullivan.

For defendant: Frank A. Bellin, Cooney & Cooney.